**760**

UNITED GROCERS' COMPANY, a New York Corporation, Plaintiff,

v.

SAU–SEA FOODS, Inc. and Ernest Schoenbrum and Abraham Kaplan, doing business as Shore Distributors, Defendants.

United States District Court
S. D. New York.
May 17, 1957.

———◆———

Manes, Sturim, Donovan & Laufer, New York City, Arthur M. Laufer, New York City, of counsel, for plaintiff.

Louis G. Greenfield, New York City, for defendants.

SUGARMAN, District Judge.

Judge Dimock on March 22, 1957, D. C., 150 F.Supp. 267, granted the defendant's motion to dismiss the complaint herein but he did not reserve to the plaintiff the right to plead over. A judgment of dismissal was thereupon entered. The plaintiff moved for an order "to amend the judgment entered herein on March 22, 1957, to provide that plaintiff may have leave to serve and file an amended complaint * * *." Judge Dimock granted that motion on April 11th, stating that the judgment was "reopened so as to permit plaintiff to move for leave to file an amended complaint." Judge Dimock in citing Markert v. Swift & Co., 2 Cir., 1949, 173 F.2d 517, studiously employed the word "reopened" making particular reference to page 519 of the Markert decision, whereon is found the observation that "technically the judgment of dismissal should be reopened before an amendment to the complaint is granted." I construe Judge Dimock's disposition of the plaintiff's motion "to amend the judgment" by the employment of the words "judgment reopened" as a ruling by him that the judgment of dismissal entered on March 22d was vacated and the parties were thus in the position that they were when he granted the motion to dismiss except that the road was kept open for the plaintiff "to move for leave to file an amended complaint."

The plaintiff has now done so and I am persuaded that the deficiencies found in the complaint dismissed by Judge Dimock have now been cured by the plaintiff by its proposed amended complaint.

The extended argument in the answering affidavit that the plaintiff will ultimately be unable to *prove* the allegations of the amended complaint, as evidenced by certain quotations from depositions and prior affidavits in this case, cannot preclude the plaintiff's right to have its day in court. That the defendant may ultimately prevail must remain for a trial of the issues. Accordingly, the instant motion by the plaintiff for leave to file an amended complaint, in the form of the proposed amended complaint submitted by it on this motion, is granted. Defendants will have 20 days from the date of this order to answer.

It is so ordered.